

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-1150-20

### MARIA JESUS SANCHEZ, Appellant
### v.
### THE STATE OF TEXAS

## ON STATE'S PETITION FOR DISCRETIONARY REVIEW
## FROM THE ELEVENTH COURT OF APPEALS
## ECTOR COUNTY

*Per curiam.*

## O P I N I O N

Appellant was charged with the offense of evading arrest or detention. Appellant pled guilty and was placed on deferred adjudication community supervision. The State later moved to revoke her community supervision. The trial court held a hearing, adjudicated Appellant guilty, and sentenced her to five years imprisonment.

On appeal from the revocation proceedings, Appellant's court-appointed counsel filed a motion to withdraw and an *Anders* brief. See *Anders v. California*, 386 U.S. 738 (1967). The court of appeals conducted an independent review of the record and deleted a $500 fine that

was not orally pronounced at sentencing, as well as a third-party collection fee and $22.50 of a time payment fee. The court found no reversible error, agreed with counsel that there were no meritorious grounds for appeal, and granted the motion to withdraw. *Sanchez v. State*, No. 11-20-00012-CR slip op. at 2, 5 (Tex. App.—Eastland Oct. 20, 2020) (not designated for publication).

The State has filed a petition for discretionary review claiming that the court of appeals failed to recognize appellate counsel's conflict of interest and should have directed the appointment of a new attorney to pursue an appeal. We agree with the State that on the face of the record, Appellant's appellate counsel was disqualified from representing her on appeal due to having acted as counsel of record for the State in this case when Appellant was placed on deferred adjudication. See CODE CRIM. PROC. art. 2.08(a); *Metts v. State*, 510 S.W.3d 1, 5-6 (Tex. Crim. App. 2016). The court of appeals should have abated and remanded to the trial court with orders to appoint new counsel to present any ground that might support the appeal. See generally *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

Accordingly, we grant ground (1) of the State's petition for discretionary review, vacate the judgment of the court of appeals, and remand this case to that court for further actions consistent with this opinion. Ground (2) is refused without prejudice.

Delivered February 24, 2021

Do Not Publish